UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ROBERT LEE MALONE, )
　)
　　*Plaintiff*, )
　) No.: 2:15-CV-76-RLJ-DHI
v. )
　)
WAYNE ANDERSON, C. FRAZIER, )
and CORPAL COLE, )
　)
　　*Defendants*.

## **MEMORANDUM AND ORDER**

Before the Court is a *pro se* civil rights complaint under 42 U.S.C. § 1983, a motion for leave to proceed *in forma pauperis*, and a motion to appoint counsel. It appears from the application that plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, plaintiff is allowed to proceed in this action without the prepayment of costs or fees or security therefor. For the reasons stated below, however, process shall not issue and this action will be **DISMISSED**.

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary

relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015–16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); s*ee also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

The complaint was filed on March 23, 2015, and alleges that on January 28, 2015, plaintiff's lawyer told a judge that plaintiff needed to be seen in the medical unit of the jail right away, and that plaintiff saw jail medical personnel that day. Plaintiff states that during this visit, he signed release papers to allow the jail medical personnel to get

plaintiff's medical records from his eye doctor, as well as his ear, nose, and throat doctor. Plaintiff states that every time he asks about this paperwork, he gets no response. Plaintiff further alleges that, prior to incarceration, he was supposed to set up surgery on his right eye due to a broken eye socket, and that he cannot get the surgery now that he is incarcerated. The complaint names Sheriff Wayne Anderson, head nurse C. Frazier, and "Corpal Cole," whom plaintiff states is "over state inmate time." As relief, plaintiff states that he wants to open a lawsuit and get his surgery started.

Plaintiff does not set forth any specific factual allegations as to any individual defendant. As such, it appears that plaintiff is attempting to hold the defendants liable based upon their supervisory positions. In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Likewise, a supervisor cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (stating that "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior'" (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999))); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure

3

to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983). As the complaint does not contain any allegations of specific unconstitutional acts on the part of the individual defendants, it fails to state a cognizable § 1983 claim as to any of them.

Notwithstanding the complaint's omission of any specific factual allegations as to the individual defendants, the complaint also fails to state a claim for deliberate indifference to plaintiff's medical needs. Liberally construing the complaint, plaintiff alleges that he has not received a response to his inquiries regarding the status of his medical records and that he disagrees with the medical care provided at the jail, as he has not been received eye surgery. A prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Estelle,* 429 U.S. at 104–5. Also, "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *See Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (citing *Boretti v. Wiscomb,* 930 F.2d 1150, 1154–55 (6th Cir.1991)); *see also Estelle*, 429 U.S. at 103 ("[T]he denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose").

Where a prisoner receives some medical care and the dispute is over its adequacy, however, "federal courts are generally reluctant to second guess medical judgments and

to constitutionalize claims which sound in tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). By the same token, a difference of opinion between medical care providers as to appropriate treatment for an inmate's ailment does not present a constitutional controversy. *Estelle*, 429 U.S. at 105–06; *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (finding that a disagreement between prison physician and physician who originally prescribed medications is not of constitutional magnitude).

Plaintiff does not allege that he has been denied medical treatment at the jail, but rather that he has seen medical personnel at least once, has not received any response to his inquiries regarding the status of his medical records, and has not received eye surgery. These allegations are insufficient to state a claim for deliberate indifference. Plaintiff signed the release allowing the jail to obtain his medical records less than two months before he filed the instant complaint, and the jail does not have any control over when medical records are sent by the provider. Moreover, plaintiff states that he was "suppose[d] to set up" eye surgery prior to his incarceration. Plaintiff does not set forth any facts tending to show an urgent need for surgery, nor does he set forth any facts tending to show that the alleged delay in receiving his medical records and/or scheduling surgery, to the extent surgery is necessary,[1] constitutes an act of deliberate indifference which has at all injured plaintiff. While plaintiff could conceivably have a claim for deliberate indifference in the future based on continued denial of this eye surgery under certain circumstances, the complaint fails to state such a claim.

---

[1] Plaintiff appears to believe that surgery on his eye is necessary. Even if the Court assumes that plaintiff's eye doctor had prescribed the surgery as medically necessary, however, it is possible that another doctor could disagree as to that course of treatment.

5

Based on the foregoing, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff's motion to appoint counsel [Doc. 3] will be **DENIED as moot**. Because plaintiff is an inmate in the Sullivan County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Sheriff of Sullivan County to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this memorandum and order to the Court's financial deputy.

A separate judgment will enter.

**E N T E R :**

               s/ Leon Jordan
               United States District Judge